TOLOMEY JOHNSON *alias* TOLOMEY ROGERS, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant in error.

1. When, on the trial of an indictment for an assault with intent to murder, it was discovered, after the argument to the jury had been begun, that there was a variance between the proof and the indictment as to the name of the person charged to have been assaulted, it was not error in the Court to permit the State to call witnesses to prove that the person named was known as well by the name mentioned in the indictment as by that mentioned in the proof.

2. It is competent for the State to show on the trial of an indictment for assault with intent to murder, that the person assaulted was known by the name mentioned by the indictment, and also by another name, even though the indictment does not allege that he was known by the two names. It is a matter of description and does not stand on the footing of a misnomer of the defendant.

Criminal law. Assault with intent to murder. Misnomer. Practice. Before Judge HARVEY. Floyd Superior Court. January Term, 1872.

Tolomey Johnson *alias* Tolomey Rogers was placed upon trial for an assault with intent to commit murder, alleged to have been made upon the person of one Steve Davenport, on December 1st, 1871. The defendant pleaded not guilty.

The prosecutor, upon his first examination, testified that his name was Steve Debero. After the evidence was closed, counsel for defendant took the position that a conviction could not be had, on account of the variance between the indictment and the proof, as regards the person alleged to have been assaulted. The Court remarked that he despised technicalities, and for his part wished that they were all done away with; that he would allow the Solicitor General to prove, if he could, that the prosecutor was as well known by the name

of Steve Davenport, as by that of Steve Debero. The prosecutor, having heard all that passed, was recalled and testified that his name was Steve Debero, and so he was known and called down the country about Milledgeville, but was called up there, Steve Davenport, Big Steve, and Ben. He was corroborated by another witness as to these facts.

The jury found the defendant guilty. A motion was made in arrest of judgment, because the indictment charged the assault with intent to murder to have been made upon Steve Davenport, when the evidence shows it to have been committed upon Steve Debero. The motion was overruled and defendant excepted.

A motion was made for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in admitting evidence to show that Steve Debero was as well known by the name of Steve Davenport, without any allegation in the indictment to that effect.

2d. Because the Court erred in remarking, in the presence of the jury in reference to the exception to the statement of the wrong name in the indictment, that he despised technicalities and wished that they were all done away with.

The motion was overruled and defendant excepted, and assigns error upon each of the grounds aforesaid.

UNDERWOOD & ROWELL, represented by E. N. BROYLES, for plaintiff in error. Variance as to name between indictment and proof fatal, except in case of *idem sonans*: 2 Cooley's Blac., p. 3, note 1; Roscoe's Crim. Ev., 103; 1 Bish. Crim. Pro., sec. 119; 1 Wharton's Am. Crim. Law, secs. 256, 258; 11 Ga. R., 620; 7 Blackford's R., 324.

C. D. FORSYTH, Solicitor General; R. F. FOUCHE, for the State. If the injured party was known as well by one name as the other, the identification was complete: 13 Ga. R., 98; 18 *Ib.*, 38. Not error to allow proof after the argument had begun: 16 Ga. R., 200.

Johnson, *alias* Rogers, *vs.* The State of Georgia.

McCAY, Judge.

A large discretion must be allowed to the Circuit Judge in his direction of the business before him, and we see no abuse of his discretion in permitting the State to supply this defect in its testimony. It was, as the case stood, purely formal. The indentification was complete, and the proof was only to make the description of the person assaulted conform to the description in the indictment. As to the remarks of the Judge, they could have done the accused no harm. There was nothing in his case, as it finally stood, that made the remarks of the Judge pertinent to the matter before the jury. The Judge, too, took special pains to say to the jury that they were to pay no heed to them. It seems to us that to give importance to this matter, under the circumstances, is to suppose the jury to be not only very foolish, but very unworthy, and we are not disposed to do so. The only question in this case that we have felt any doubt upon, is whether the proof advanced was competent, without an allegation in the indictment that the person assaulted was known by the two or three names. After consideration, however, we are of the opinion that it was competent without the allegation. Were the variance in the *name* of the *defendant*, there are authorities that it was necessary the indictment should contain the charge that he was known by both names. But this is a mere *misdescription*, and in such cases it is not necessary. The name is only one means of identification, like the color of a horse. True, an indictment for stealing a black horse would not be supported by proof of stealing a white horse. But if the charge were for stealing a cream-colored horse, and the proof showed a dun color, the variance might be met by showing that it was sometimes called *cream* and sometimes *dun.*

Judgment affirmed.