## JACKSON *v.* THE STATE.

1. It being in issue, under the evidence, as to whether there was a variance between the name by which the female alleged to have been assaulted was commonly known and the name set forth in the indictment, it was not error for the court to charge the jury touching this issue in the following language: "I charge you, if you find from the facts and circumstances of this case that the name set out in the indictment is the name by which the party was called, one that she recognized and one by which she was known, it would be sufficient in law."

2. The extract from the charge above quoted is not open to criticism upon the ground that it expresses or intimates an opinion upon any fact involved in the case.

3. It is not a valid ground of criticism upon a charge, correct and proper in itself, that it fails to state some other rule or principle of law pertinent to the issues of the case.

4. There was sufficient evidence to support the verdict.

APRIL 16, 1910. REHEARING DENIED MAY 11, 1910.

Indictment for rape. Before Judge Rawlings. Emanuel superior court. January 4, 1910.

*Saffold & Larsen,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Alfred Herrington, solicitor-general,* by *Hines & Jordan,* contra.

BECK, J. The plaintiff in error, Jim Jackson, was charged with the offense of rape, alleged to have been committed upon one Neida

Jackson.   Upon the trial the jury returned a verdict of guilty, with a recommendation.   A motion for a new trial was overruled, and defendant excepted.   In addition to the general grounds, complaining that the verdict was contrary to evidence and the law, and without evidence to support it, the motion for a new trial contained a special ground assigning error upon the following charge of the court: "I charge you, if you find from the facts and circumstances of this case that the name set out in the indictment is the name by which the party was called, one that she recognized and one by which she was known, it would be sufficient in law." As to the name of the female alleged to have been assaulted, she testified:   "My name is Nedia Jackson, I go by the name of Nedia Jackson; that is the name I am known and go by, Nedia Jackson; that is the name I answer to; they call me Nedia Jackson and I answer to it.   I took the name of Nedia Jackson because my mother married him [Jim Jackson].   They don't always call me Nedia Jackson; if anybody meets me they just call me Nedia, but if they write anything, they call me Nedia Jackson—they address me as Miss Nedia Jackson.   People calling me just say, 'Hello, Nedia,' that is the name-I answer to.   They call me Nedia; but my real name is Nedia Jeeter, and when people call me they always call me Nedia."   While the spelling of the Christian name of the party upon whom the assault is alleged to have been made, as reported in the evidence, varies from the spelling of the name in the indictment, we have no doubt that it is one and the same name with that stated in the indictment, and we think it is clearly a case of *idem sonans,* though various pronunciations might be given to it by different readers; and in fact there is no contention but that the Christian name of the party assaulted was correctly stated in the indictment.   It is insisted, however, that her true name was Neida *Jeeter;* but after the marriage of her mother to the accused she took the name of Neida Jackson; and while she does not state in her testimony that she was universally or generally known by that name, the jury were authorized to find that she was so known; and the charge above quoted stated a correct rule for the guidance of the jury in determining whether there was a variance between the name as stated in the indictment and her real name or that by which she was known.   The criticism upon the charge, complaining that the court should have submitted to the jury the ques-

tion as to whether the name stated in the indictment was the name "by which she was generally or commonly known," is without merit. The language of the charge itself is sufficiently comprehensive to indicate to the jury that they were to determine whether the name stated in the indictment is the one by which the party was commonly called and known. See, in this connection, *Johnson* v. *State*, 46 *Ga.* 269.

2. The extract from the charge above set forth is also criticised upon the ground that it did not leave the question of the indentity of the person alleged to have been assaulted to the jury, and did not leave it for the jury to say whether the Neida Jackson mentioned in the indictment was identical with the person testifying on the trial, but that the charge takes it for granted, thereby amounting to an expression of opinion upon the part of the court that she is one and the same person. We do not think that the charge contains any expression or intimation of opinion by the court upon any fact in issue.

3. It is not a valid ground of complaint against a charge, correct in itself, that it fails to submit some other issue of fact to the jury, when it correctly submits to them the particular question with which it is dealing; and there is no complaint in the motion for a new trial that the court did not elsewhere in his charge properly submit to the jury the question of the identity of the witness with the person designated as Neida Jackson in the indictment.

4. The evidence is sufficient to uphold the verdict, and we do not feel authorized to interfere with the discretion of the court below in refusing a new trial.

*Judgment affirmed.　All the Justices concur.*