## DAVIS *v.* THE STATE.

1. The word "witnesses," as employed in the last paragraph of § 6086 of the Civil Code (1910), refers to witnesses whose evidence is to be used on the merits of a case if a new trial is had. But where a new trial is asked or granted on account of newly discovered evidence showing relationship within the prohibited degrees of a juror who sat in the case, and the prosecutor, the fact of relationship does not have to be proved on the second trial, and therefore the provisions of the above section of the code as to "supporting affidavits" do not apply.

2. Where, after conviction of one accused of crime, a motion for new trial is made upon the ground that one of the jurors was related to the prosecutor within the prohibited degrees, affidavits in form as set

out in the second question propounded by the Court of Appeals will not require the judge to find that such relationship had been established, in the absence of any showing that the witnesses were testifying either from personal knowledge, or from declarations made by persons shown to have been related by blood or marriage to the parties, or that for some other reason they were within the purview of § 5764 of the Civil Code. Therefore it could not be said as a matter of law that the alleged relationship was so clearly established that the trial judge erred in overruling this ground of the motion for new trial.

No. 1510.    FEBRUARY 14, 1920.

Question certified by Court of Appeals (Case No. 10480).

*L. D. McGregor,* for plaintiff in error.

*R. C. Norman, solicitor-general,* and *M. L. Felts,* contra.

HILL, J.    The Court of Appeals desires instructions from the Supreme Court upon the following questions:

"1.    In a criminal case where an amendment to the motion for a new trial is based solely upon the ground that one of the jurors was related within the prohibited degree to the volunteer prosecutor in the case, it being alleged in the ground that the relationship was unknown to the defendant and his counsel until after the trial of the case, and the newly discovered evidence as to the relationship is that of witnesses, do the provisions of section 6086 of the Civil Code, as to supporting affidavits, apply?

"2.    Where in such a case (whether or not the code provisions above referred to apply) the affidavits of the witnesses relied on to sustain the allegations as to the relationship do not meet any of the requirements of section 5764 of the Civil Code, and it is not shown that the affiants were related by blood or marriage to the persons in question, or that they were testifying from any personal knowledge, or from what source they obtained their information, can this court hold, as a matter of law, that the alleged relationship was so clearly established that the trial judge erred in overruling this ground of the motion for new trial? All of the affidavits submitted to show the alleged relationship were similar (except as to the name of the affiants) to the following one:

'State of Georgia, Warren County. Personally appeared before me, an officer duly authorized by law to administer oaths, James M. English, who, after being duly sworn, deposes and says: that Randall Johnson and Aaron Johnson were full brothers by blood,

having the same father and mother; that Randall Johnson was the father of Mrs. Lucy English (née Lucy Johnson); that Mrs. Lucy English (née Lucy Johnson) was the mother of Mrs. Rachael Cody (née Rachael English); that Mrs. Rachael Cody (née Rachael English) was the mother of James M. W. Cody, and that James M. W. Cody was the father of Mrs. C. R. Fitzpatrick (née Cody), the living wife of C. R. Fitzpatrick, the volunteer prosecutor in the above-stated case; that Aaron Johnson, the full brother of Randall Johnson, was the father of Mrs. Sarah Adams (née Johnson); Mrs. Sarah Adams (née Sarah Johnson) was the mother of Mrs. Martha Landrum (née Martha Adams); that Mrs. Martha Landrum (née Martha Adams) was the mother of S. F. Landrum, one of the jurors who rendered the verdict of guilty against the defendant in the above-stated case. This affidavit is made to be used as evidence in the hearing of the motion for a new trial in the above-stated case.'"

1. The Civil Code (1910), § 6086, which prescribes the rule as to the grant of new trials on the ground of newly discovered evidence, provides, among other things, that "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility, must be adduced." The word "witnesses" employed here refers to witnesses whose evidence is to be used on the merits of the case on a new trial, if one is had. The provision making it necessary to show the residence, associates, means of knowledge, character and credibility of "witnesses" has the effect of excluding the necessity for showing these things where the affidavits are made by persons not intended to be used as witnesses on the next trial. This is on the principle that "the expression of one thing is the exclusion of others." It is of importance to the court that the residence, associates, means of knowledge, character, and credibility of the witness should be shown on the hearing of the motion, in order for the court to have the means of forming an opinion as to what effect such newly discovered evidence might have on the new trial; for this court has held that a new trial will not be granted on account of newly discovered evidence which probably would not produce a different result on another trial. If a new trial should be granted on account of the affidavits showing the relationship between the juror and the volun-

teer prosecutor, this fact will not have to be proved on the second trial, because it already has been proved, and because of the improbability that the same juror will be put upon the defendant at the next trial. Section 6086 lays down the rule to be followed in determining whether newly discovered evidence is sufficient for the grant of a new trial. This is a question of practice, and is merely the determination of a fact showing the disqualification of a juror to serve, and does not go to the merits of the case; and on another trial the evidence will not be relevant. The answer to the first question is given as a construction of section 6086, but we do not mean to imply that independently of that section the trial judge could not require similar affidavits supporting the evidence of one who testifies, or deposes, as to the relationship of a juror to the prosecutor, or a similar question arising on a motion for new trial. This question is therefore answered in the negative. *Hinkle* v. *State,* 94 *Ga.* 595 (21 S. E. 595).

2. The Civil Code (1910), § 5764, provides: "Pedigree, including descent, relationship, birth, marriage, and death, may be proved either by the declarations of deceased persons related by blood or marriage, or by general repute in the family, or by genealogies, inscriptions, 'family trees,' and similar evidence." Where, after conviction of one accused of crime, a motion for new trial is made upon the ground that one of the jurors was related to the prosecutor within the prohibited degrees, affidavits in form as set out in the second question propounded by the Court of Appeals will not require the judge to find that such relationship had been established, in the absence of any showing that the witnesses were testifying either from personal knowledge, or from declarations made by persons shown to have been related by blood or marriage to the parties, or that for some other reason they were within the purview of section 5764. Therefore it could not be said as a matter of law that the alleged relationship was so clearly established that the trial judge erred in overruling this ground of the motion for new trial. This question is answered in the negative. *All the Justices concur, except*

ATKINSON, J., dissenting. The first question should be answered in the affirmative; and it follows that the second question should be answered in the affirmative.