## 10480. DAVIS v. THE STATE.

1. In a criminal case where a ground of the defendant's motion for a new trial is that one of the jurors was related within the prohibited degrees to the prosecutor in the case, and the newly discovered evidence as to the alleged relationship is that of witnesses, the provisions of section 6086 of the Civil Code of 1910, as to supporting affidavits, do not apply. However, *independently of that section, the trial judge,* upon the hearing of such a motion, *has the authority, in his discretion,* to require the production of affidavits as to the residence, associates, means of knowledge, character and credibility, of the affiants who depose as to the relationship of the juror to the prosecutor.

2. In such a case as is above referred to, where the affidavits of the witnesses relied on to sustain the allegations as to the relationship do not

meet any of the requirements of section 5764 of the Civil Code, and it is not shown that the affiants were related by blood or marriage to the persons in question, or that they were testifying from any personal knowledge, or from what source they obtained their information, this court can not hold, as a matter of law, that the alleged relationship was so clearly established that the trial judge erred in overruling the ground of the motion for a new trial based upon the alleged relationship.

3. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

DECIDED FEBRUARY 24, 1920.

Accusation of misdemeanor; from Warren superior court—Judge Walker. March 10, 1919.

Application for certiorari was denied by the Supreme Court.

*L. D. McGregor*, for plaintiff in error.

*R. C. Norman*, solicitor-general, *M. L. Felts*, contra.

BROYLES, C. J. The first two headnotes above are, in substance, the rulings of the Supreme Court in answer to questions certified by this court. For elaboration thereof see the full opinion rendered by the Supreme Court, 150 *Ga.* (102 S. E. 444).

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*