### 11437.   ADAMS v. THE STATE.

Relationship which would disqualify a juror was not so clearly established in this case as to authorize this court to hold that the trial judge erred in overruling the motion for a new trial, in which such relationship was alleged.

DECIDED JUNE 15, 1920.

Conviction of manslaughter; from Coffee superior court — Judge Summerall.   February 28, 1920.

*C. A. Ward, R. B. Chastain, Casey Thigpen,* for plaintiff in error.

*A. B. Spence, solicitor-general, F. Willis Dart,* contra.

BROYLES, C. J.   The sole assignment of error in the bill of exceptions is to the overruling of the amendment to the motion for a new trial, which was based upon the alleged relationship, within the prohibited degree, of one of the jurors to the deceased (whom the defendant was convicted of slaying), and another of the jurors to a named person who had contributed to a fund to employ counsel to assist in the prosecution of the defendant.   Under the facts of the case, this court can not determine that, as a matter of law, the alleged relationship was so clearly established that the trial judge erred in overruling the motion for a new trial.   See, in this connection, *Davis* v. *State,* 150 *Ga.* 19 (102 S. E. 445); 24 *Ga. App.* 776 (102 S. E. 378).

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*