### 18361. CRAY v. THE STATE.

Because of the relationship of jurors to the prosecutor, as shown by the affidavits presented in support of the motion for a new trial, the trial judge should have granted a new trial.

Criminal Law, 16 C. J. p. 1153, n. 24; p. 1156, n. 53; p. 1226, n. 12.
Juries, 35 C. J. p. 317, n. 92; p. 320, n. 24.

The provision of the code (Civil Code of 1910, § 6086) that "if the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced," does not apply where the purpose of the newly discovered evidence is to show disqualification of a juror as in this case; that section of the code refers to witnesses whose evidence is to be used on the merits of the case if a new trial is had.

DECIDED NOVEMBER 16, 1927.

Shooting at another; from Coffee superior court—Judge Reed. June 21, 1927.

*Chastain & Henson,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J. 1. "A juror in a criminal case who is related, by blood or marriage, within the ninth degree ·to the prosecutor, ascertained according to the rules of the civil law, is a disqualified juror;. and such disqualification of a juror, unknown to the defendant or his counsel until after verdict, or which could not have been ascertained by either of them before verdict by the exercise of due diligence, is cause for a new trial. *Crawley* v. *State,* 151 *Ga.* 818 (108 S. E. 238, 18 A. L. R. 368) ; *Merritt* v. *State,* 152 *Ga.* 203 (110 S. E. 160)." *O'Berry* v. *State,* 153 *Ga.* 644 (113 S. E. 2).

2. Citing authority to support his contention, counsel for the State insists that the judgment in this case should be affirmed, because there are no affidavits supporting the witnesses who swore to the relationship of the prosecutor to the jurors. In *Davis* v. *State,* 150 *Ga.* 19 (102 S. E. 445), it was held: "The word 'witnesses,' as employed in the last paragraph of § 6086 of the Civil Code (1910), refers to witnesses whose evidence is to be used on the merits of a case if a new trial is had. But where a new trial is asked or granted on account of newly discovered evidence showing relationship within the prohibited degrees of a juror who sat in the case, and the prosecutor, the fact of relationship does not have to be proved on the second trial, and therefore the provisions of the above section of the code as to 'supporting affidavits' do not apply." Under this ruling, "supporting affidavits" are not necessary in such cases as the instant one; and the ruling to the contrary in *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178), must yield to the ruling in the *Davis* case, supra.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*