## 22178, 22179.  BROWN *v.* THE STATE.

BROYLES, C. J.  1. The word "witnesses," as employed in the last paragraph of section 6086 of the Civil Code (1910), refers to witnesses whose evidence is to be used on the merits of a case if a new trial is had. But where a new trial is asked in a criminal case on account of newly discovered evidence showing that a juror who sat in the case was biased or prejudiced against the defendant, the fact of such bias or prejudice does not have to be proved on the second trial, for if a new trial should be granted on account of the affidavit showing the juror's bias or prejudice against the accused, this fact has already been proved, and it is highly improbable that the same juror will again be put upon the defendant.  Therefore, the provisions of the above section of the code as to "supporting affidavits" do not apply.  However, it is not ruled that, independently of that section, the trial judge could not require such supporting affidavits to be produced upon the hearing of any motion for a new trial based upon alleged newly discovered evidence where such evidence is that of witnesses.  *Davis* v. *State,* 150 *Ga.* 19, 21, 22 (102 S. E. 445).

2. Applying the foregoing ruling to the facts of the instant cases, the special ground of the motion for a new trial based upon alleged newly discovered evidence was not defective and will be considered.  The affidavit of the witness setting out such evidence made a prima facie showing that one of the jurors when he became a member of the jury was not perfectly impartial between the State and the accused and that probably he was biased against the defendant; and, as the State made no counter showing, the court erred in overruling that ground of the motion for a new trial in each of these cases.

*Judgments reversed.  Jenkins, P. J., and Luke, J., concur.*

DECIDED APRIL 30, 1932.

*Linton B. West, R. A. Patterson,* for plaintiff in error.
*B. T. Castellow, solicitor-general, Bond Almand,* contra.