35681. WIGGINS *v.* THE STATE.

66

DECIDED MAY 20, 1955.

*L. B. Kent*, for plaintiff in error.

*Thomas M. Odom, Solicitor*, contra.

TOWNSEND, J. ■ The first special ground of the amended motion for new trial, assigning error on the failure of the court to charge on circumstantial evidence, is considered in connection with the general grounds. Ordinarily, whisky found in old containers on the premises of a person charged with possessing whisky would not be sufficient to support a verdict of guilty

where the quantity in the containers is of such infinitesimal amount as to indicate lack of knowledge of its presence on the part of the defendant on the one hand, and on the other hand to indicate his intention only to possess the container for some lawful and legitimate purpose rather than to possess the contents thereof. However, a defendant' would not be entitled to the benefit of this inference where he was seen emptying a liquid from a container into a commode in an apparent effort to conceal the presence of the contents, and where the conclusion is warranted that the amount left in the jars is a part of a larger amount of the same liquor poured out by him in an effort at concealment. Evidence that the defendant or a member of his household is seen destroying illegal liquor in his home is direct evidence of the defendant's guilt of the offense charged. *Scott v. State,* 57 *Ga. App.* 489 (195 S. E. 923). In the same manner, testimony that the defendant removed from his home a bucket containing illegal liquor and placed it in the house of another is direct evidence of the defendant's guilt where, as here, the bucket was, according to the testimony, under constant supervision and' no person approached it between the time the defendant placed it on the sink and the time it was apprehended and found to contain the liquor. Where, on the other hand, the unknown object, later found to contain the incriminating material, is not under constant watch between the time the defendant is seen with it and the time it is apprehended, the possibility that another person could have tampered with it in the meantime is not removed and the evidence of guilt is not direct but circumstantial, the inference of guilt being based on the facts that (a) the defendant was seen with it at one time, and (b) at another time it was found to contain the illegal matter. See *Hunter v. State,* 91 *Ga. App.* 136 (85 S. E. 2d 90). There being some direct evidence in this case, so that the verdict does not depend solely upon circumstantial evidence, the failure of the court to charge on circumstantial evidence did not constitute reversible error, no timely written request having been made. *Sheffield v. State,* 188 *Ga.* 1 (11) (2 S. E. 2d 657). The first special ground and the general grounds of the motion for new trial are without merit.

■ Special ground 2, which assigns error on the improper conduct of one of the jurors in becoming segregated from the other

jurors during a recess in the trial is too imperfect for consideration by this court. Although it would seem that supporting affidavits as to the credibility and means of knowledge of the witness upon whose affidavit the motion is based need not be attached in cases of this kind (see *Cray* v. *State*, 37 *Ga. App.* 371, 140 S. E. 402), nevertheless, it is necessary that there be affidavits of the defendant and his counsel that they did not have knowledge of this fact prior to the rendition of the verdict in the case. *Barrow* v. *State*, 80 *Ga.* 191 (1) (5 S. E. 64); *Holder* v. *Farmers &c. Bank of Stillmore*, 30 *Ga. App.* 400 (5) (118 S. E. 467).

The trial court did not err in denying the motion for a new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*