## 29368. WARD v. THE STATE.

NICHOLS, Presiding Justice.

The appeal in this case is from a conviction on a two-count indictment for the offenses of armed robbery and kidnapping. The jury sentenced the defendant to ten years imprisonment on each count and provided that such sentences should be served consecutively.

The sole enumeration of error contends that the evidence did not authorize the guilty verdicts and is based

upon the assertion that such convictions were based upon circumstantial evidence only and that such evidence did not "exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109.

The victim, a taxicab driver, testified as to the events which resulted in the indictment. This testimony included evidence of the defendant placing a pistol against the victim's side, the defendant and his accomplice taking the victim's leather jacket, cash money, and other items from the taxicab, blindfolding and tying the victim's hands with "tape wires" and placing him in the trunk of the taxicab and driving around for some hours before they left him in the trunk of the taxicab and abandoned the taxicab. In addition to the testimony of the victim, a police officer testified that during the time period when the victim was locked in the trunk and being driven around the city he stopped such taxicab for a traffic violation and the defendant was then driving such vehicle.

"Direct evidence is that which immediately points to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." Code § 38-102.

A more detailed definition of direct evidence is found in Corpus Juris Secundum as follows: *"Direct evidence is that which points immediately to the question at issue, and which, if believed, proves the existence of the fact in issue without inference or presumption. It is evidence obtained by means of one of the senses, and includes testimony by a witness of his own knowledge of the main fact or facts to be proved."* 22A CJS 232, Criminal Law, § 530 (1). See also *Scott v. State,* 57 Ga. App. 489 (195 SE 923); *Wiggins v. State,* 92 Ga. App. 65 (87 SE2d 652).

The testimony of the victim as to the fact of the armed robbery and kidnapping and the identification of the defendant as one of the two persons who committed such crimes was direct evidence and not circumstantial evidence as contended by the defendant. *Andrews v. State,* 232 Ga. 423 (207 SE2d 61). The conviction was authorized by the evidence and must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 8, 1974 — DECIDED
NOVEMBER 18, 1974.

*Marvin S. Soskin,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.