A89A0103. BROWN v. THE STATE.
(380 SE2d 349)

DEEN, Presiding Judge.

Winston Brown appeals from his conviction of two counts of violation of the Georgia Controlled Substances Act, the sale of cocaine.

1. The evidence showed that an undercover police officer made two purchases of cocaine near a public housing project. At the time of the first sale, twelve other people were in line to purchase cocaine. The officer gave his money to purchase the contraband to a man known as "Bright Eyes" and saw him hand it to appellant. Bright Eyes gave the officer the cocaine in a blue bag marked "Mac's Sack." When the second sale took place in the same area, the officer gave the money directly to appellant, who told Bright Eyes to give the cocaine to the officer. This purchase also came in a blue bag marked "Mac's Sack." There was testimony that appellant was known by the nickname "Macaroni" and was wearing a necklace with that name on it at the time of the sales. An expert witness from the State Crime Laboratory testified that the contents of the sacks tested positive for cocaine.

The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

2. The trial court did not err in its charge on conspiracy. Con-

spiracy was not charged as a separate crime in the indictment and the jury was not told that it had an option to convict on that offense. The charge which the defendant claims was erroneous was given as a part of the charge on parties to a crime and stated that the State contended that the accused was a party to a crime or a party to a conspiracy to commit a crime. The defendant's objection at trial to the charge on conspiracy went only to his contention that the court failed to charge on the standard of proof necessary for proof of a conspiracy. The court, in responding to this objection, replied that it had consistently charged the "beyond a reasonable doubt" standard throughout the charge. We have examined the charge and agree.

3. Appellant contends that OCGA §§ 16-13-34; 16-13-35; and 16-13-40 outline provisions whereby the sale of a controlled substance is legal and that the charge which stated that any sale of cocaine would be illegal is an incorrect statement of law.

Assuming *arguendo* that the court erred in charging that any sale of a controlled substance is a violation of the Act (when the Act in fact provides for exceptions), it is harmless error in the absence of a claim of right to sell the substance. The State is not obligated "to anticipate a possible defense based upon the various statutory exceptions to the Act or to present evidence of the nonapplicability or nonexistence of each potential exemption." *Nix v. State*, 135 Ga. App. 672, 673 (219 SE2d 6) (1975). Brown did not raise the defense of claim of right.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MARCH 17, 1989.

Kane & Anderson, Daniel Kane, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.