## A90A1499. WERTS v. THE STATE.
(395 SE2d 922)

DEEN, Presiding Judge.

Harold Werts was convicted of two counts of violation of the Georgia Controlled Substances Act (sale of cocaine to undercover drug agents). He asserts twenty enumerations of error on appeal.

1. The trial court did not err in overruling appellant's *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), challenge to the jury. There were forty-two veniremen, of whom five were black. One woman was excused because she was related to the defendant within the sixth degree, and appellant made no objection when she was excused. He cannot raise for the first time on appeal an objection to her excusal. *Morris v. Bonner*, 183 Ga. App. 499, 500 (359 SE2d 244) (1987). Appellee used four of its peremptory strikes to strike two black men and two white men. Appellant challenged the use of the

strikes against the two black males. The State explained that it struck one of the men, whose mother worked in the police department, because he was well known to the police as having been in and out of trouble. The other man was struck because he had entered a guilty plea to a bad check charge. As the State's reasons for striking the prospective jurors were racially neutral, the trial court did not err in denying the *Batson* challenge. *Barnett v. State*, 191 Ga. App. 552, 553 (382 SE2d 620) (1989); *Barton v. State*, 184 Ga. App. 258 (361 SE2d 250) (1987).

2. The trial court did not err in instructing appellant's counsel not to make further interruptions after he made two objections that the court considered to be unfounded during appellee's opening statement. The instruction was given to enable the court to maintain proper control over the proceedings and to ensure courtroom decorum. Any error in such an instruction was harmless because it is highly probable that it did not contribute to the judgment. *Cook v. State*, 256 Ga. 808, 811 (353 SE2d 333) (1987).

3. Appellant's plea in misnomer was without merit. He contends that the attaching of an alias to his name in the indictment ("Harold Werts aka Worth"), when he had never been known under the alias, placed his character in issue. In his argument he fails to state just how his character was placed in issue. The court heard testimony that the indictment was drafted with the alias listed because one of the officers who apprehended him thought he said that his name was "Harold Worth," and he carried no identification on his person. When two names sound alike when commonly pronounced, they are to be regarded as the same and are sufficient to withstand a plea of misnomer. *Webb v. State*, 149 Ga. 211 (99 SE 630) (1919). It is the identity of the person, not the correctness of his name, that is the true issue. *Wilson v. State*, 67 Ga. App. 404 (20 SE2d 433) (1942).

4. Appellant's Fifth and Sixth Amendment rights under the United States Constitution were not violated by requiring him to testify about the sound of his name.

5. As the funding of drug programs was not an issue in the case, and testimony about such funding would not tend to either prove or disprove any material issue in the case, the court below did not abuse its discretion in restricting cross-examination of a witness who was questioned about such funding. *Lancette v. State*, 151 Ga. App. 740, 741 (261 SE2d 405) (1979).

6. After jury selection, appellant made an oral motion to suppress and exclude videotapes and photographs made from the tapes. He did not file a *Brady* motion prior to trial, but was permitted to view the entire State's file and did not choose to examine the videotapes prior to trial. We find no violation of any of appellant's rights and find that the court properly denied the motion.

7. Appellant's motion to quash the indictment was properly overruled. Such a motion must be made in writing before arraignment or it is waived. *Hardwick v. State*, 158 Ga. App. 154, 155 (279 SE2d 253) (1981); *Sadler v. State*, 124 Ga. App. 266, 267 (183 SE2d 501) (1971).

8. After each witness testified, the court asked both parties if the witness could be excused. The State responded affirmatively, and the defense either gave an affirmative reply or failed to respond. Failure to object to the excusal of a witness waives any objection to the witness' being excused by the court, and this issue may not be raised for the first time on appeal. *Daniels v. State*, 183 Ga. App. 222, 223 (358 SE2d 637) (1987).

9. Werts asserts that the chain of custody of the videotape and photographs was not proven by the testimony of the evidence custodian because she was not shown to have taken part in making the videotape.

The custodian testified that the tape was turned over to her by an officer who participated in making it and that it remained in her custody until she brought it to trial. The tape was introduced into evidence after the chain of custody was established through the testimony of the operator of the videotape equipment, who testified that he turned the tape over to another officer who participated in the making of it. This officer turned it over to the evidence custodian. The participating officers viewed the tape prior to trial and testified that it had not been altered in any way and accurately represented the drug buy that they made from the defendant. The chain of custody was proven by the State. *Burke v. State*, 248 Ga. 124, 125 (281 SE2d 607) (1981).

10. As there was no need to qualify a witness as a law enforcement officer because he testified only as to his own personal observations, the lower court did not err in overruling the objection to the witness' testimony. *Ward v. State*, 233 Ga. 251, 252 (210 SE2d 772) (1974).

11. It was also not error for the trial court to require appellant to raise objections to evidence tendered by the State at the time it was offered into evidence. Had appellant not objected to these exhibits, he would have waived his right to raise the issue on appeal. *Reaves v. State*, 242 Ga. 542, 551 (250 SE2d 376) (1978); *Bridgers v. State*, 183 Ga. App. 98, 99 (357 SE2d 894) (1987). By affording appellant the opportunity to object, the court was actually assisting him in perfecting the record.

12. The trial court properly charged the jury that the identity of appellant was an essential element in the case that the State had to prove beyond a reasonable doubt, but that a misspelling of the defendant's name in the indictment was not material, and not a defense to the alleged offense. It further charged that, under the doctrine of

idem sonans, if his name and the name alleged in the indictment sounded similar, it was sufficient. See *Jackson v. State*, 134 Ga. 473, 474 (68 SE 71) (1910). As videotapes and still photographs made from the tapes showed that Werts committed the offenses alleged, the court's charge on identity was proper.

13. It was not error for the trial court to charge the jury as to who is authorized to prescribe, dispense, or sell a controlled substance. Any exception or exemption to drug and narcotics statutes must be proven by the defendant. *Gee v. State*, 225 Ga. 669, 675 (171 SE2d 291) (1969). As appellant presented no evidence to show that he was exempt from the drug and narcotics statutes, the court properly made the complained-of charge.

14. After the court's charge to the jury, the defendant spontaneously reserved all rights to object to the charge. On appeal, he claims that the court erred in failing to inquire if there were any objections. In criminal cases, the trial court is not required to inquire of the defendant to see if he has objections to the charge in order to preserve his right to raise the issue on appeal. It is only if the court makes the inquiry that the defendant must respond by stating the charges to which he objects and/or reserve his rights. *Mahomet v. State*, 151 Ga. App. 462, 464 (260 SE2d 363) (1979).

15. Appellant's 17th enumeration of error is not supported by either argument or citation to authority. It is deemed abandoned. *Askew v. State*, 185 Ga. App. 282, 284 (363 SE2d 844) (1987).

16. Appellant was sentenced immediately following the jury verdict, and appellant contends that the court committed harmful error in failing to permit him to have access to or knowledge of whether or not the sentencing decision would be based upon a presentence investigation. When counsel was asked if she had any evidence that she wished to present prior to sentencing, she replied, "No sir," and agreed with the State to submit it to the court based on the evidence presented at trial. This enumeration is without merit.

17. All four eyewitnesses testified, the videotapes confirmed, and the defendant admitted on the stand that he sold cocaine to the undercover police officers on the dates alleged in the indictment. Based on this evidence, a rational trier of fact could find him guilty beyond a reasonable doubt. *Brown v. State*, 190 Ga. App. 818 (380 SE2d 349) (1989); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JULY 16, 1990.

*Edith M. Edwards*, for appellant.
*H. Lamar Cole, District Attorney, Catherine H. Helms, Assis-*

*tant District Attorney*, for appellee.