## A02A2113. JACKSON v. THE STATE.
### (576 SE2d 85)

BLACKBURN, Presiding Judge.

In a jury trial, Bernard Jackson was found guilty of one count of the sale of cocaine. In this appeal, Jackson contends the evidence was insufficient to sustain his conviction and asserts that the trial court erred in denying his motion for a directed verdict of acquittal. We find otherwise and affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Grant v. State*.[1] We do not weigh the evidence or assess witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2]

So considered, the evidence shows that as Georgia Bureau of Investigation ("GBI") Agent Brandon Mitchell was driving a pickup truck in the City of Pembroke, Jackson approached him. Unbeknownst to Jackson, Mitchell was working undercover as part of a multi-county drug task force. After Jackson drew near the driver's side window, Mitchell requested a certain quantity of crack cocaine.

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Jackson handed Mitchell several rocks of purported cocaine, but the officer, based on his experience, knew by the substance's texture that the rocks were not cocaine. Mitchell returned the rocks to Jackson and told him that he "was trying to find some real stuff." After further argument about the authenticity of "the stuff," Mitchell drove away. But, as Mitchell was about to exit the area, Jackson, by then a passenger in a different vehicle, "yelled at me to pull over." When he complied, Jackson jumped into the bed of Mitchell's truck. Mitchell asked him what he was doing, and Jackson responded, "I'll take you to the stuff that you want." Jackson then directed the officer to a specific street about a half-mile away and told him to stop at a trailer there. Mitchell waited while Jackson went inside. Shortly thereafter, Jackson returned with Antwone Young and together they approached the officer. Young displayed multiple pieces of what Mitchell suspected was crack cocaine. In exchange for $20, Young selected one rock and handed it to Mitchell. During the drug deal, Jackson remained by Young's side. After conducting field testing on his purchase, Mitchell sealed the drugs in plastic and later personally transported them to the crime laboratory in Savannah.

A hidden camera captured the negotiations and drug transaction on a videotape that was viewed by the jury at trial. A GBI forensic chemist scientifically analyzed the off-white, chunky compressed substance purchased by the undercover officer. Through laboratory testing, the forensic chemist determined the substance was, in fact, cocaine.

In challenging his conviction, Jackson claims that the verdict is contrary to law and contrary to and strongly against the weight of the evidence. He asserts that his conviction was based upon circumstantial evidence and that the State failed to exclude every other reasonable hypothesis except that of his guilt.

The record belies these claims. Notwithstanding the contention to the contrary, Jackson's conviction was not based on circumstantial evidence but primarily upon direct evidence. "Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence." (Punctuation omitted.) *Persinger v. Step By Step Infant Dev. Center*.[3] On the other hand, "[d]irect evidence is that which points immediately to the question at issue, and which, if believed, proves the existence of the fact in issue without inference or presumption." (Punctuation and emphasis omitted.) *Ward v. State*.[4] "It is evidence obtained by means of one of the senses, and includes

---

[3] *Persinger v. Step By Step Infant Dev. Center*, 253 Ga. App. 768, 771, n. 1 (560 SE2d 333) (2002).
[4] *Ward v. State*, 233 Ga. 251, 252 (210 SE2d 772) (1974).

testimony by a witness of his own knowledge of the main fact or facts to be proved." (Punctuation omitted.) Id. Here, there was overwhelming direct evidence. The undercover officer testified in considerable detail about what he heard Jackson say and what he saw Jackson do to facilitate the sale. See *Cowans v. State*.[5]

Jackson also argues that the State failed to establish that he was a party to the crime, because no evidence proved that he sold the cocaine or ever had possession of it. Jackson's argument misperceives the law. When a person intentionally aids or abets in the commission of a crime, or advises, encourages, hires, counsels, or procures another to commit the crime, he may be convicted of that crime. OCGA § 16-2-20 (b) (3), (4). And, one who acts as the conduit or intermediary through which a drug sale takes place is a party to that crime. *Lawrence v. State*.[6] While mere presence at the scene of a crime or even approval of another's criminal conduct is not sufficient to authorize a conviction, Jackson's actions went far beyond mere presence and authorized the jury to find that he actively facilitated the drug sale. *Reviere v. State*.[7] Jackson aided and abetted Young in the sale by informing the undercover drug agent where to obtain the cocaine, directing him to that location, and intentionally procuring Young to sell the cocaine. This evidence was sufficient to enable a rational trier of fact to find Jackson guilty beyond a reasonable doubt of being a party to the sale of cocaine. See *Brown v. State*.[8] The trial court did not err in refusing to direct a verdict in Jackson's favor. See *Nel v. State*.[9]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 9, 2003.

*John R. Dickey*, for appellant.
*J. Thomas Durden, Jr., District Attorney, John B. Cloy, Assistant District Attorney*, for appellee.

---

[5] *Cowans v. State*, 145 Ga. App. 693, 694 (2) (244 SE2d 624) (1978).
[6] *Lawrence v. State*, 227 Ga. App. 70, 72 (3) (487 SE2d 608) (1997).
[7] *Reviere v. State*, 231 Ga. App. 329, 334 (6) (498 SE2d 332) (1998).
[8] *Brown v. State*, 245 Ga. App. 706, 708 (1) (538 SE2d 788) (2000).
[9] *Nel v. State*, 252 Ga. App. 761, 765 (6) (557 SE2d 44) (2001).