**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 17, 2022**

# In the Court of Appeals of Georgia

A22A0088. CURGIL v. THE STATE.

MARKLE, Judge.

Following a jury trial, Tavaris Curgil was convicted of rape (OCGA § 16-6-1 (a)); aggravated sodomy (OCGA §16-6-2 (a) (2)); aggravated child molestation (OCGA §16-6-4 (c)); two counts of incest (OCGA § 16-6-22 (a)); enticing a child for indecent purposes (OCGA § 16-6-5 (a)); and two counts of child molestation (OCGA §16-6-4 (a)). He now appeals from the trial court's denial of his motion for new trial, arguing the weight of the evidence was insufficient to support his convictions. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, in April 2017,

then-twelve-year-old L. S. was living with her mother; her four brothers; and Curgil, her uncle. Curgil often watched L. S. and her brothers while their mother was out.

One night, L. S. disclosed to her mother that Curgil had raped her three months earlier. Her mother immediately called the police. When the police spoke with L. S., she told them Curgil sexually abused her on three occasions. Thereafter, L. S. underwent a forensic medical examination and a forensic interview.

In her forensic interview, L. S. gave a detailed recollection of three incidents in which Curgil sexually abused her. The first incident occurred when Curgil was watching L. S. and her brothers at his girlfriend's house. Curgil took L. S. to his girlfriend's bedroom, pulled down her pants, wiped her vaginal area with a rag, and put his fingers on her vagina. The following month, when Curgil was watching L. S. and her brothers at her home, Curgil took L. S. to her mother's bedroom, pulled down her pants, put his mouth on her vagina, and placed his penis in her vagina although she resisted. The third time, Curgil made L. S. take off her clothes, pushed her on to her bed, and put his mouth on her vagina. After L. S. pushed him away and went outside, Curgil ordered L. S. back inside the house, took her to her bedroom, and placed his penis in her vagina. L. S. resisted and told him it hurt. L. S. recalled experiencing pain each time Curgil did this.

2

Thereafter, Curgil was arrested and charged with rape; aggravated sodomy; aggravated child molestation; two counts of incest; enticing a child for indecent purposes; and two counts of child molestation.

At trial, L. S.'s recorded forensic interview was played for the jury. The forensic interviewer testified that she saw no signs L. S. had been coached or had fabricated the allegations, noting that L. S. described the incidents in detail. L. S.'s examining physician testified that L. S. showed no signs of physical trauma, but noted such evidence is uncommon months after sexual abuse.

In her trial testimony, L. S. recanted her statements from her forensic interview, and stated she fabricated the allegations against Curgil because she was mad at him. She further testified that her family, including her mother, did not believe her accusations against Curgil. L. S.'s mother admitted at trial she called L. S. a liar and did not believe L. S.'s accusations.[1]

The jury convicted Curgil on all counts. Curgil filed a motion for new trial. The trial court denied the motion, and this appeal followed.

---

[1] The State sought to admit testimony suggesting Curgil engaged in similar acts with L. S.'s mother when she was approximately the same age as L. S. At trial, L. S.'s mother denied any such acts occurred.

In his sole enumeration of error, Curgil argues that the evidence was insufficient to support his convictions because the victim recanted her statements from her forensic interview and there is a lack of physical evidence. We are not persuaded.

> On appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.

(Citation omitted.) *Green v. State*, 358 Ga. App. 843, 845 (1) (856 SE2d 427) (2021).

Pursuant to OCGA § 16-6-1 (a) (1), "[a] person commits the offense of rape when he has carnal knowledge of … [a] female forcibly and against her will[.]" "Carnal knowledge" is defined as "any penetration of the female sex organ by the male sex organ." Id.

A person commits incest when he engages in sexual intercourse or sodomy with another person whom he knows he is related to by blood or marriage, such as uncle and niece. OCGA § 16-6-22 (a) (6).

Under OCGA §16-6-2 (a) (2), "[a] person commits the offense of aggravated sodomy when he … commits sodomy with force and against the will of the other

4

person." Sodomy is defined as "any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1).

Pursuant to OCGA §16-6-4 (a) (1), "[a] person commits the offense of child molestation when such person …[d]oes any immoral or indecent act to … any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA §16-6-4 (c) provides that "[a] person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."

Finally, OCGA § 16-6-5 (a) provides that a person commits the offense of enticing a child for indecent purposes when he "takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."

Here, L. S. is Curgil's niece and was 12 years old when the incidents in question occurred. She stated in her forensic interview that Curgil twice placed his mouth on her vagina and twice placed his penis inside her vagina without her consent. She further stated Curgil wiped her vaginal area with a rag and put his fingers on her vagina. By itself, this evidence is sufficient to establish the elements of rape, incest, aggravated sodomy, child molestation, and aggravated child molestation. *Brown v.*

5

*State*, 287 Ga. App. 857, 858 (1) (652 SE2d 807) (2007) ("[T]he victim's testimony alone is enough to establish the elements of the crime alleged."); OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."); see also OCGA §§ 16-6-1 (a) (1); 16-6-22 (a) (6); 16-6-2 (a) (2); 16-6-4 (a) (1); 16-6-4 (c). Therefore, the evidence is sufficient to sustain Curgil's convictions for these counts.

L. S. also stated in her forensic interview that Curgil took her to a bedroom to commit the abuse in question. Our Supreme Court has held that OCGA § 16-6-5 (a) includes the element of asportation, which is satisfied "whether the taking involves physical force, enticement, or persuasion." *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990); *Allison v. State*, 356 Ga. App. 256, 263 (2) (b) (846 SE2d 222) (2020). By itself, this evidence is sufficient to establish the elements of enticing a child for indecent purposes and to sustain his conviction. *Whorton v. State*, 318 Ga. App. 885, 887 (1) (a) (735 S.E.2d 7) (2012) (asportation element satisfied when defendant called victim into another room of the house); OCGA § 16-6-5 (a).

Even though L. S. later recanted her statements during the forensic interview, it is for the jury to resolve any conflicts in the evidence. *McCurdy v. State*, 359 Ga. App. 885, 887-888 (1) (d) (860 SE2d 172) (2021). The jury was entitled to discredit

6

L. S.'s trial testimony and rely on her forensic interview as substantive evidence of Curgil's guilt. Id.; see also *King v. State*, 268 Ga. App. 707, 709 (603 SE2d 54) (2004) (jury authorized to believe accusations in victim's forensic interview instead of victim's recantation at trial). Furthermore, although the State need not corroborate L. S.'s forensic interview, L. S.'s accusations in her forensic interview were consistent with her initial statement to the police.[2] *Allison*, 356 Ga. App. at 262 (2) (a), n. 6

As with L. S.'s recantation, the lack of physical evidence goes to the weight of the evidence and raises questions of credibility the jury alone must resolve. *Wofford v. State*, 329 Ga. App. 195, 201 (1) (764 SE2d 437) (2014). That the jury apparently decided such questions adversely to Curgil does not render the evidence supporting his convictions insufficient.[3] *Jones v. State*, 304 Ga. 320, 323 (2) (818 SE2d 449) (2018); *Green*, 358 Ga. App. at 846 (1).

---

[2] Notably, the State elicited testimony at trial tending to show L. S.'s family, including her mother, did not believe her accusations against Curgil. We have repeatedly held such evidence allows the jury to conclude the victim felt pressured to recant earlier allegations of abuse. See, e.g., *Harvey v. State*, 295 Ga. App. 458, 460-461 (671 SE2d 924) (2009).

[3] To the extent Curgil argues the evidence supporting his convictions is circumstantial, he is mistaken. L. S.'s forensic interview is direct evidence of Curgil's guilt. *Jackson v. State*, 259 Ga. App. 108, 109 (576 SE2d 85) (2003) (witness testimony is direct evidence).

For these reasons, the trial court properly denied Curgil's motion for new trial, and we affirm.

*Judgment Affirmed. Dillard, P. J., and Mercier, J., concur.*