## 18317. KELLEY *v.* THE STATE.

WYATT, Justice. Fronie Mae Kelley was indicted for the murder of Ida Katie Williams. She was found guilty of murder with a recommendation to mercy and sentenced to life imprisonment. She filed her motion for new trial on the general grounds and amended by adding two special grounds. The general grounds and special ground two of the amended motion raise the question as to whether the evidence was sufficient to prove the corpus delicti. The accused was indicted for killing the deceased by cutting with a knife or other sharp instrument. The evidence, in so far as it is material here, was in substance as follows: Two witnesses who were present when the alleged cutting took place testified that the accused struck Ida Katie Williams, the deceased, and cut her in the neck; that the deceased fell in the hall bleeding very heavily from the cut; and that the ambulance came and took her away. Another witness, the undertaker, testified that he examined the deceased, Ida Katie Williams, two days after the cutting occurred and that she was dead. He further testified that he had a call from Grady Hospital the day before he examined the body, which was the day following the time the cutting was alleged to have taken place, to come and pick up the body of Ida Katie Williams, but that he could not get to it on that day. He also testified that the deceased had a deep cut in her throat, which severed both the jugular vein and the artery, and that in his opinion the deceased died from loss of blood from these wounds. A member of the Atlanta Police Department testified that he was attached to the homicide department, and that he went out and investigated the case which was being tried, on the day the cutting was alleged to have occurred. The defendant was not there, but was arrested later by another officer. The motion for new trial was duly overruled. The exception here is to that judgment. *Held:*

1. There are two elements of the corpus delicti, and they are: (1) death, and (2) a criminal agency causing the death. *McVeigh* v. *State,* 205 *Ga.* 326 (53 S. E. 2d 462). The corpus delicti may be proved by circumstantial as well as by direct evidence. *Jester* v. *State,* 193 *Ga.* 202 (17 S. E. 2d 736). As will be seen from the above statement of facts, the evidence adduced upon the trial of this case was sufficient as to each element of the corpus delicti. Every question raised as to the sufficiency of the evidence on this phase of the instant case is answered by the rulings made in *Jester* v. *State,* supra. See also, *Thomas* v. *State,* 67 *Ga.* 460. It follows, the evidence was sufficient to prove the corpus delicti and the guilt of the defendant as charged.

2. Special ground two complains of the admission of the testimony of Charlie Park, the undertaker. This ground is insufficient to raise any question for decision by this court, for the reason it would be necessary to refer to other parts of the record to ascertain what the testimony was, what objection was made to it, and the ruling of the court. See, in this connection, *Pippin* v. *State,* 205 *Ga.* 316 (53 S. E. 2d 482), and *Bryan* v. *State,* 206 *Ga.* 73 (55 S. E. 2d 574).

3. It follows, the judgment of the court below overruling the motion for new trial was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1953—DECIDED OCTOBER 14, 1953.

*George E. McMullen, Francis Poulos, W. W. Tucker,* for plaintiff in error.

*Paul Webb, Solicitor-General, Wm. E. Spence, Charlie O. Murphy, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.