## 24904. CURTIS v. THE STATE.

FRANKUM, Justice. The appellant was convicted of the murder of Douglas Quarles. The jury recommended mercy, and he was sentenced to life imprisonment. His motion for a new trial as amended was overruled, and he appealed from that judgment, making 36 grounds of enumerated error before this court. We shall dispose of the appellant's contentions as argued in his brief relative to the various grounds of enumerated error in the order in which they are presented to this court in the brief.

1. In connection with the first three grounds of enumerated error (corresponding to the general grounds of the motion for new trial) appellant contends in ground 16 that the court erred in failing to direct a verdict of acquittal of the defendant because the State did not prove the cause of death, and he argues in this connection that the corpus delicti was not sufficiently proved. The evidence showed that during the course of a robbery occurring at the home of the deceased a masked bandit discharged a shotgun, some of the shot from which struck the deceased, that he fell to the floor and bled profusely, and that he was dead upon arrival at the hospital. The doctor testified that he did not perform an autopsy but that he found seven puncture wounds about the size of the eraser end of a pencil in the deceased's back and that from all appearances this was the cause of death. The corpus delicti may be proved by circumstantial as well as direct evidence. This evidence was sufficient to authorize the jury to find that Douglas Quarles died as the result of the gunshot wounds, and that his death did not result from accidental or natural causes or from his own act. The other evidence was sufficient to authorize the jury to find that the defendant was the one who fired the shotgun which inflicted the wounds on the deceased and that the discharge of the gun was in no way accidental but was perpetrated during the commission of an unlawful act, to wit during the perpetration of an armed robbery. The evidence authorized the verdict of guilty. *Thomas v. State,* 67 Ga. 460, 465 (6); *Jester v. State,* 193 Ga. 202, 208 (1) (17 SE2d 736); and *Kelley v. State,* 210 Ga. 118 (1) (78 SE2d 11).

2. In enumerated errors 4 and 5 the appellant complains of the refusal of the court to permit counsel to ask each juror

on. the panel whether he would favor legalized gambling or parimutuel betting in the State of Georgia and whether he would favor legalizing the sale of whiskey in Whitfield County. The trial court sustained the solicitor's objection to these questions, and appellant argues in this connection that this denied him effective representation of counsel, contrary to stated provisions of the United States and Georgia Constitutions. There is no merit in these enumerations of error. The right to examine each juror individually after the usual voir dire questions have been put by the court is a broad right granted under the provisions of *Code Ann.* § 59-705. But, this right is not unlimited, and such examination in its broadest scope should not go beyond matters which "would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstances indicating any inclination, leaning or bias which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." In *Hill v. State*, 221 Ga. 65, 68 (8) (142 SE2d 909) it was held that the trial court has a discretion to limit the examination under this Code section to questions dealing directly with the specific case and to prohibit general questions. It is not apparent how the questions relating to the prospective juror's attitude toward legalizing parimutuel betting in Georgia or to legalizing the sale of alcoholic beverages in Whitfield County could illustrate any interest of the jurors in the cause, or any leaning or bias which the jurors might have respecting the crime for which the defendant was on trial. These enumerations of error show no cause for reversal.

3. In his sixth, seventh, eighth and ninth grounds of enumerated error the appellant complains because certain jurors named therein were automatically excused by the court without any motion having been made therefor by the solicitor general. (a) Under our law (*Code* § 59-806 (4)), and without regard to the ruling in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) which is not applicable here, the jurors who were dismissed by the court as complained of in these grounds were incompetent to serve in a capital felony case. Their disqualification having been called to the at-

tention of the court, it was not error to dismiss those jurors in the absence of a formal motion by the solicitor general. *Crockett v. McLendon*, 73 Ga. 85 (3a). (b) Jurors are not public officers. *McDuffie v. Perkerson*, 178 Ga. 230, 235 (173 SE 151, 91 ALR 1002). The holding in that case related to grand jurors, but we have no hesitancy in extending it to petit jurors. Therefore, the contention that to deny one the right to serve on a jury in the trial of a capital felony where he is opposed to capital punishment on religious grounds, amounts to denying him on religious grounds the right to hold office is not meritorious. (c) In Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797) the Supreme Court of the United States held, in effect, that in capital punishment cases, where the death penalty is not imposed, the mere fact that the jury panel was qualified so as to remove therefrom those opposed to the death penalty, will not require setting aside the conviction, but that the appellant, in order to be entitled to such relief, must adduce evidence to support his claim that the jury which tried him was, as a matter of fact, biased with respect to his guilt, as well as the punishment to be imposed. The appellant has failed to carry this burden in this case.

4. Appellant was tried on July 24, 25 and 26, 1967. The crime for which he was tried was committed on January 29, 1967. Within ten days or two weeks after the shooting two witnesses for the State were taken to the jail in Dalton to confront the defendant to ascertain whether they could identify him as the perpetrator of the crime. No attorney representing the defendant was present on either occasion, though counsel had been appointed for him. Prior to the trial counsel for the defendant moved to suppress the evidence of these witnesses on the ground that the rulings in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), rendered inadmissible evidence as to the identity of the perpetrator of the crime by witnesses who had identified the defendant in a line-up or otherwise, in the absence of his attorney, before the trial. However, the two cases cited were decided on June 12, 1967, some four months after the confrontations here involved. Assuming, but not deciding, that the motion to suppress was an appropriate procedure, and that the enumeration of the judgment overruling that

motion presents a question for decision by this court, in Stovall v. Denno, 388 U. S. 293, 296 (87 SC 1967, 18 LE2d 199) decided on the same day, the Supreme Court said: "We hold that Wade and Gilbert affect only those cases and all future cases which involve confrontations for. identification purposes conducted in the absence of. counsel after this date." The rulings in the Wade and Gilbert cases are, therefore, inapplicable to .the present case, and do not require a reversal. The weight and credit to be given to identification evidence are matters for the jury's determination.

5. In the twelfth ground of enumerated error the appellant contends that the court erred in admitting State's Exhibit No. 6 which is a color photograph of the room where the crime was committed. The contention in this regard is that the condition of the floor showing the presence of blood thereon overemphasizes the goriness of the crime, and does not truly depict the scene as it existed at the time of the crime or immediately thereafter. It is true that other photographs admitted in evidence without objection show some minor changes in the items of personal property placed upon a countertop of a kitchen cabinet shown in the photograph objected to. However, State's Exhibits Nos. 4, 7 and 8 are also color photographs of other portions of the room, they exhibit a considerably larger concentration of blood on the floor than does Exhibit No. 6, and if goriness is a valid objection to Exhibit No. 6, then these three named exhibits would be even more objectionable. But, they were admitted, insofar as the record before this court discloses, without objection of the defendant. The photograph admitted over the defendant's objection was sufficiently identified and explained by the witnesses, and the mere fact that the scene depicted thereby was shown to have changed either before the photograph in question was taken or subsequent thereto as to some immaterial matters did not render the photograph objectionable. *Sylvania Central R. Co. v. Gay*, 82 Ga. App. 486, 488 (2) (61 SE2d 587).

6. Ground 13 complains because the court refused to permit a witness for the State to answer a question propounded to him by counsel for the defendant on cross examination. Appellant contends that this unduly restricted his right of cross examination of. the witness. However, the record shows that after the trial court sustained the objection of the solicitor

general, counsel for the defendant continued his cross examination of the witness and shortly thereafter asked the witness a series of questions eliciting the identical testimony which he contends would have been elicited from the witness had the witness been permitted to answer the questions which were ruled out. There was no objection to the latter testimony and if the exclusion of the answers of the witness on the first occasion was error that error was cured by the subsequent admission of the same evidence without any objection thereto.

7. The trial court did not err in excluding evidence that a certain witness for the State had previously pled guilty to charges of gambling. This evidence was offered for the purpose of impeaching the witness and was not admissible for that purpose. *Long v. State,* 22 Ga. 40.

8. Two of the grounds complain of the refusal of the court to grant a mistrial on account of alleged improper argument of the solicitor general. The record shows that in each instance counsel for the defendant objected to the argument and moved for a mistrial, that the court instructed the jury that the argument was improper and to disregard it, and that no further ruling by the court was invoked by counsel for the defendant thereafter. Under these circumstances the rulings thus complained of present no question for decision. *Kendrick v. Kendrick,* 218 Ga. 460, 462 (4) (128 SE2d 496).

9. Section 17 (b) of the Appellate Practice Act of 1965 as amended provides that "in all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury." This clearly contemplates that any such requests as counsel may have to submit shall be submitted before argument begins, and where, as it appears in this case, the requests of counsel for the defendant were not submitted to the court until after the solicitor general had commenced his argument, such requests were not timely submitted and it was not error for the court to refuse to give them.

10. The remaining grounds which were not abandoned relate to the exclusion of certain evidence which was hearsay in nature, to the exclusion of evidence which was not the highest and

best evidence of the fact sought to be proved, to the refusal of the court to permit a witness offered as an expert to answer questions which in effect called for his opinion as to the weight and credit to be given the testimony of certain other witnesses, which was a matter solely for the jury's consideration (see *Mars v. State,* 163 Ga. 43 (7) (135 SE 410)), and to an alleged error on the part of the court in permitting the solicitor general to read the facts in a case to the jury. We have carefully examined each of these grounds and find no merit in any of them. While the defendant relied upon the defense of alibi the jury chose to believe those witnesses for the State who identified the defendant as the perpetrator of the crime. The evidence authorized the verdict, and no error of law appearing, the judgment denying the appellant's motion for a new trial was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1968—DECIDED DECEMBER 5, 1968— REHEARING DENIED DECEMBER 19, 1968.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellant. *R. L. Vining, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for appellee.