## 28229. JOHNSON v. THE STATE.

Jordan, Justice. Appellant was found guilty of murder by a jury in the Superior Court of Bibb County on August 16, 1972, and sentenced to life imprisonment.

It appears from the record that on April 11, 1972, appellant drove two black males, named Alfred "Spitball" Williams and Troy Scott to a spot near a cafe owned and operated by Jesse "Tan

Tan" Howard. Appellant remained in the car while his two companions, who he knew were armed, entered "Tan Tan's" cafe to "get some money." A few minutes later shots rang out and the two fled back to the car in which appellant was waiting. As the two were running toward the car the victim of the shooting, "Tan Tan" Howard, was seen standing on the stoop of his cafe, his freshly starched apron stained with blood, and shouting "they shot and robbed me." After this brief statement Howard said no more and subsequently died of shock and loss of blood resulting from the gunshot wounds. Appellant and his comrades roared from the scene of the crime in appellant's car, later desribed as a lavender 1955 Chevrolet. "Spitball" Williams, apparently shot in the melee, was taken to the home of the appellant, where he was given emergency first aid. However, this assistance was to no avail as "Spitball" died later that day. It appears from the record before us that while aiding his friend, appellant gave the alleged murder weapon to his sister-in-law and instructed her to "get rid of it." Appellant also took the bloodstained clothes of the failing "Spitball" and gave them to his wife with instructions that they were to be burned. The pistol was later retrieved by the authorities, and tested by microanalyst from the State Crime Laboratory. The test bullets fired from the weapon contained markings similar to the bullets recovered from the body of "Tan Tan" Howard, and the proposition that they were fired from the same gun was termed "possible."

At his trial defendant testified that he did in fact drive the vehicle utilized in the get-a-way. Defendant explains this action by stating that he had no prior knowledge of the attempted robbery and that he was forced to participate in the get-a-way by a persuasively pointed pistol threateningly held by his one time friend Troy Scott. Appellant appeals his conviction and subsequent sentencing. *Held:*

1. Enumerated as error in this appeal is the denial of appellant's amended motion for a new trial. The appellant contends in his motion that: (1) the verdict is not supported by the evidence, and (2) the state in its presentation at the trial failed to prove one of the essential elements of the corpus delicti in that the record fails by direct testimony to identify the deceased. We cannot agree with either contention and therefore must affirm.

While the facts are somewhat in conflict in some particulars, we must look at the evidence in the light most favorable to the verdict rendered. The evidence viewed in such manner amply

supports the verdict of guilty, and the general grounds of the motion are without merit.

2. The contention by the appellant that the state failed to prove the essential elements of the corpus delicti is without merit. We have held numerous times that the corpus delicti may be proved by both direct and circumstantial evidence. See *Jester v. State,* 193 Ga. 202 (17 SE2d 736); *Kelley v. State,* 210 Ga. 118 (78 SE2d 11). See also, *Curtis v. State,* 224 Ga. 870 (165 SE2d 150). We also held in *Jackson v. State,* 210 Ga. 303, 309 (79 SE2d 812) (reversed on other grounds) that when testimony regarding the identity of the deceased is given by one who prepared the body for burial, this identification is sufficient for the corpus delicti, even in view of the fact that the witness had no prior knowledge of the victim's identity during life. Evidence appearing in the transcript clearly shows that Jesse "Tan Tan" Howard was shot and bleeding profusely on the day of the incident. A police officer also testified that it was "Tan Tan" Howard who was the victim of the shooting. In addition to the above stated testimony, the Bibb County Medical Examiner testified that he saw the deceased Jesse Howard on the day he was shot. The examiner testified that deceased had five bullets in him and that two of them alone could have been fatal. In view of the evidence proffered by the prosecution, there was no failure to prove the corpus delicti.

3. The other enumerations of error, not argued in the brief, are considered abandoned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 24, 1973 —DECIDED SEPTEMBER 20, 1973.

*A. Dale Albritton,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Walter Matthews, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellee.


