## 55346. COWANS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for rape. *Held:*

1. The evidence was sufficient to sustain the verdict.

2. Although the instant case involved circumstantial evidence, the trial judge chose to omit a charge on that subject. A charge on circumstantial evidence is required only when the case is wholly dependent thereon. *House v. State,* 232 Ga. 140, 146 (205 SE2d 217). Hence, due to the trial judge's omission to make a thorough charge we are therefore required to determine whether the evidence in this case against the defendant is wholly circumstantial.

The victim testified that during the rape her attacker spoke to her on several occasions. She further testified that she had known the defendant prior to the rape and heard him speak on many occasions and that she recognized the voice of her attacker as being that of the defendant. She was unable to see her attacker because a sheet had been wrapped over her head and around her neck.

Wigmore in his treatise on evidence has stated there is no substantial distinction to be made between direct and opinion evidence, nor any valid reason therefor. VII Wigmore on Evidence (3d Ed.), p. 16, § 1919. Georgia

defines direct evidence as: "that which immediately points to the question at issue." Code § 38-102. As pointed out in 29 AmJur2d 37, Evidence, § 4, direct evidence comes from an eyewitness or one who speaks directly of his own knowledge, which knowledge he perceives through his senses, especially sight and hearing. The evidence showing the identity of a witness is normally classified as direct. However, in Georgia we have a line of cases which under the peculiar circumstances thereof have led to the description of identity evidence as being of the opinion type. See *Willingham v. State,* 134 Ga. App. 603, 604 (215 SE2d 521); *Wiggins v. Henson,* 68 Ga. 819; *Patton v. State,* 117 Ga. 230 (43 SE 533). Other cases have indicated, although have not so stated, that this is not necessarily true, especially where the witness is testifying of his own knowledge. See for example *Taylor v. State,* 75 Ga. App. 205 (42 SE2d 926); *Fussell v. State,* 93 Ga. 450 (2) (21 SE 97); *Henderson v. State,* 209 Ga. 238, 240 (71 SE2d 628); *Worthy v. State,* 184 Ga. 402, 406 (5) (191 SE 457); *Shouse v. State,* 231 Ga. 716, 718 (203 SE2d 537).

Defendant argues that since identity is a matter of opinion that the evidence given was not direct but was circumstantial and therefore the entire evidence presented against the defendant was circumstantial in nature. Because we are not empowered to modify the language contained in opinions of the Supreme Court, we will make no effort to determine whether under the facts of this case the evidence given was opinion as opposed to direct. Instead, what we do find is that it was not circumstantial evidence within the definition embodied in the Code, which is: "Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." Code § 38-102.

In short, between the categories of direct and circumstantial evidence, we think the evidence given in this case would fall within the broad scope of direct evidence since it was based on the witness' prior knowledge with regard to the defendant and was based on the perception of her senses, in this case, her hearing. We therefore find, after much difficulty, that the trial judge did not err in failing to include a charge on circumstantial

evidence in his instructions to the jury.

3. The defendant moved for a mistrial on the grounds that during a recess the jurors saw the defendant while he was shackled in the hallway. When the incident was called to the attention of the trial judge he had each of the jurors brought before him individually and questioned them regarding what they saw. Six of the jurors stated they did not see the defendant in the hallway and five of the jurors stated they saw the defendant but noticed nothing unusual about him. One of the jurors testified he saw the defendant handcuffed but he considered that to be ordinary procedure. The trial judge instructed him to assign no inference of guilt or fault to the defendant, to be governed by the evidence as heard in the courtroom and to draw no inference adverse to the defendant by virtue of the fact.

In view of the circumstances of this case and the cautionary instructions given by the trial judge, we find no violation of the rule as set forth in *Allen v. State,* 235 Ga. 709 (221 SE2d 405); *McKenzey v. State,* 138 Ga. App. 88 (225 SE2d 512). It was not an abuse of discretion to refuse to grant the defendant's motion for mistrial. *Howard v. State,* 144 Ga. App. 208, 212 (8) (240 SE2d 908).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED FEBRUARY 7, 1978 — DECIDED APRIL 18, 1978.

*B. L. Spruell,* for appellant.
Donnie Lamar Cowans, *pro se.*
*Lewis R. Slaton, District Attorney, R. David Petersen, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.