## 65284. GALLOWAY v. THE STATE.

Sognier, Judge.

Appellant was convicted of child molestation. He now contends the trial court erred by failing to charge the jury on circumstantial evidence, by refusing a request for a presentence investigation, failing to consider probation and not allowing appellant an opportunity to offer evidence in mitigation of punishment. Appellant also contends he did not receive effective assistance of counsel.

1. At trial direct evidence was presented by the victim in this case that appellant molested him. "A charge on circumstantial evidence is required only when the case is wholly dependent thereon." *Cowans v. State,* 145 Ga. App. 693 (2) (244 SE2d 624) (1978); *House v. State,* 232 Ga. 140, 146 (205 SE2d 217) (1974). Thus, no error was committed in failing to charge on circumstantial evidence.

2.a. Appellant contends the trial court erred by refusing a request for a presentence investigation. The trial court denied the request on the basis that it had heard character witnesses and testimony as to family conditions and appellant's work record; therefore, the court believed that any additional information would be of little help. Appellant's counsel then stated: "I realize it would not be of great assistance."

In *Jackson v. State,* 248 Ga. 480, 484 (6) (284 SE2d 267) (1981), our Supreme Court stated that the term "presentence investigation report" was misleading, and that in Georgia, "we have probation reports." The court then held: "Whether or not to order a probation report is a matter within the discretion of the trial court." We find no abuse of discretion in denying the request for a presentence investigation.

b. There is no basis for appellant's contention that the trial court did not allow him to present evidence in mitigation. The trial court specifically asked appellant's counsel if he had any evidence to present to the court in extenuation and mitigation to assist the court in fixing punishment. Counsel replied he had no such evidence, unless there was a "rap sheet"; the district attorney stated this was appellant's first conviction. Hence, there is nothing for us to review.

*Sumners v. State,* 137 Ga. App. 493, 494 (224 SE2d 126) (1976).

3. Appellant's contention that he did not receive effective assistance of counsel because counsel made no motion for a directed verdict of acquittal based on insufficiency of the evidence is without merit.

The record discloses that appellant's counsel conducted extensive cross-examination, made proper objections which were sustained, presented several witnesses for the defense, and was well prepared for trial. " 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client.' [Cit.]" *Hawes v. State,* 240 Ga. 327, 330 (1) (240 SE2d 833) (1977). " 'We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' (Emphasis supplied.)" *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). Applying these standards to the instant case, we find that counsel rendered effective assistance to appellant. Accordingly, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1983.

*William G. Posey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.