169 Ga. App. 744 (1984)
315 S.E.2d 259
IN RE J. P.
67523.
Court of Appeals of Georgia.
Decided February 3, 1984.
Michael H. Lane, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, George J. Robinson, Jr., Assistant District Attorneys, for appellee.
BIRDSONG, Judge.
J. P., a juvenile aged 16 was tried before a juvenile court for the offense of simple battery. The court found J. P., upon the evidence, to be delinquent and in need of treatment and rehabilitation and committed the child to the Georgia Department of Human Resources, Division of Youth Services. J. P. brings this appeal contending in the sole enumeration of error that the weight and sufficiency of the evidence does not support the finding of delinquency. Held:
There was evidence that J. P. was strongly suspected of stealing a wallet from a young woman in an amusement (game) parlor. At a later time, the woman saw J. P. and accused him of stealing her wallet and demanded the return of her money. J. P. denied the theft and an argument ensued. There was evidence that J. P. got very close to the victim on three occasions. On one of these occasions, the victim asserted that J. P. struck her in the face by pushing his open palm *745 against her nose sufficiently hard to cause her pain. Shortly thereafter because of his belligerence and the cursing of her small child by J. P., the victim obtained a hammer and a lug wrench and chased J. P., swinging at him but never striking him. Both J. P. and the victim were charged with disorderly conduct. J. P. denied the physical striking of the victim and offered corroboration by a friend who had been an eyewitness and who likewise denied J. P. struck the victim.
Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's judgment. Ridley v. State, 236 Ga. 147 (223 SE2d 131). On appeal the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is evidence of sufficient persuasion to support the verdict, it must be affirmed. Johnson v. State, 231 Ga. 138 (1) (200 SE2d 734); Talley v. State, 137 Ga. App. 548, 549 (224 SE2d 455). We will not speculate as to what evidence the trier of fact chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the trier of facts' verdict. Mills v. State, 137 Ga. App. 305, 306 (223 SE2d 498). Although the evidence was in conflict on the issue of whether J. P. struck the victim with his hand, the trier of fact resolved that issue against J. P. and this court will not substitute its judgment for that of the trier of fact. Glover v. State, 237 Ga. 859, 860 (230 SE2d 293). Based upon the evidence presented to the trier of fact, we conclude that any reasonable trier of fact rationally could have found from that evidence proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); Baldwin v. State, 153 Ga. App. 35, 37 (264 SE2d 528).
Judgment affirmed. Quillian, P. J., and Carley, J., concur.