69048. PHILLIPS v. THE STATE.
(326 SE2d 775)

BIRDSONG, Presiding Judge.

Hoyt Gayle Phillips was convicted of child molestation and sentenced to ten years with two to serve and the remainder on probation, together with a $4,000 fine assessed as part of the sentence to probation. He brings this appeal enumerating four asserted trial errors. *Held:*

1. In his first enumeration of error, Phillips complains that the trial court erred in refusing to direct a verdict of acquittal for failure of proof of the crime charged. Contrary to his contentions, the evidence presented to the jury by the child gave explicit details of what occurred and did in fact, if believed by the jury, constitute molestation. She also testified to certain conversation by the accused concerning her feelings and whether she did not "like" what was happening. Appellant sought to show that the child had very limited recollection of the incident and was confused, as well as being imaginative and subject to suggestion.

At best, the evidence raised a question of credibility. The jury properly was the best arbiter of such a question. Under the evidence in this transcript, we find no error in the denial of the motion for directed verdict of acquittal. *In re J. P.,* 169 Ga. App. 744 (315 SE2d 259).

2. Incidental to the first enumeration of error as affecting the believability and credibility of the victim-witness, Phillips urges that the trial court erred in finding the child competent to testify. The child, eight years of age at the time of trial, indicated lack of recall as to the time of or year in which the incident occurred. She likewise was unsure of what the term "oath" involved. However, she indicated a clear understanding of her responsibility to tell the truth, not to lie, and the fact that untruth could subject her to punishment. Her overall testimony was clear and convincing. Our examination of the transcript of voir dire together with the lucidity of her trial testimony

convinces us that the child understood the requirements of sworn testimony and the obligation to tell the truth involved in an oath and offered competent, believable evidence. *Decker v. State*, 139 Ga. App. 707 (1) (229 SE2d 520). The trial court did not abuse its discretion in allowing the child to testify. *Walls v. State*, 166 Ga. App. 503 (1) (304 SE2d 547).

3. After the child had testified as to her uncle's conduct (appellant), the child's mother was allowed to testify as to the child's report of the incident to her on the day following. The trial court refused this testimony on the basis of res gestae but allowed the testimony for the limited purpose of explaining the mother's conduct. Appellant repeatedly objected to this testimony on the basis of hearsay.

We reaffirm the position announced by the Supreme Court in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) that the better practice is to bring out the fact of the conversation without relating the exact words used. Ordinarily the conduct of the mother as the result of a report of child molestation is useless to explain the possible guilt of a molester. Had there been no other credible evidence of the acts of molestation in this case, we may well have considered the offer of this evidence by the State an attempt to bring forth evidence of guilt by a more experienced and more credible witness through the subterfuge of explaining conduct. The prejudice in such a case is apparent for though the evidence is admitted for a limited purpose, it is that very evidence that authorizes and brings about the conviction. See *Arnold v. State*, 236 Ga. 534 (224 SE2d 386).

However, appellant vigorously had attacked the child's testimony, suggesting that the mother had frequently rehearsed the child. Therefore at least minimally, there was reason to allow the evidence to account for the conduct of the mother and allow her to explain that conduct. Moreover, the victim's version was presented by the victim and the child's testimony was corroborated in many particulars. The conviction could stand alone on the child's testimony; the objected to evidence was merely cumulative. *Teague v. State*, 252 Ga. 534, 537 (314 SE2d 910). As in *Momon*, supra, even if we assume error on the part of the State in bringing out this testimony for a spurious purpose, we still can examine the case for prejudice. When the case is examined in that light, we find it was more than highly probable that the error did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). We find no error in the overrulings of the objections to this evidence nor in the denial of the motion for mistrial entered thereon. *Teague v. State*, supra.

4. In his last enumeration of error, Phillips contends prejudice in the trial court's refusal to charge on conflicting evidence of a circumstantial nature.

The trial court gave a charge on the nature and legal considera-

tion to be afforded circumstantial evidence. However, concluding that the case was not wholly dependent on circumstantial evidence, the trial court declined to give the amplifying charge that two conflicting theories must rebound to the benefit of the accused. There was no error in that refusal. Where direct evidence was presented by the victim of appellant's molestation, a further charge on conflicting circumstantial inferences was not required. *House v. State*, 232 Ga. 140, 146 (205 SE2d 217); *Cowans v. State*, 145 Ga. App. 693 (2) (244 SE2d 624).

*Judgment affirmed. Carley, J., concurs. Beasley, J., concurs specially.*

DECIDED JANUARY 10, 1985 —
REHEARING DENIED JANUARY 31, 1985 — 

*Joseph M. Todd*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.

BEASLEY, Judge, concurring specially.

I concur with the judgment and with the opinion as to Divisions 1, 2 and 4. As to Division 3, however, I concur with the results but respectfully set forth below my problems with the reasoning.

The trial court allowed the mother to state the content of the child's conversation with her for the limited purpose of explaining the mother's conduct.

Even if the mother's conduct was not an issue (I agree with the majority that it was), the conduct of the child certainly was. What the child did about the act defendant is alleged to have done to her is relevant. If, being age 5, she never told anybody about it, the truth of the allegation could be more highly suspect. If she *did* tell someone about it near the time of the alleged act against her, would that fact not tend to corroborate the truth of her testimony? And if so, then the content of what she then said, compared with what she testified several years later, is certainly relevant.

In addition, defendant attacked the child's credibility, suggesting that the mother rehearsed the child. So the mother's conduct was an issue because an issue was made as to whether the mother did rehearse the child. The evidence of what the child told her would tend to show that the mother did not rehearse the child and that what the mother did about it was based on the child's statements to her and not on what she, the mother, fabricated.

And, since the five-year-old child told her mother at the first opportunity she had to do so, it fits the res gestae exception to the hearsay rule. The indicia of credibility are present: a child in these cir-

cumstances would probably tell someone, and that someone would most likely be a parent or someone standing in a parent's place. The statement, which included the complaint that her vaginal area hurt currently and caused trouble when she tried to void, was corroborated by the mother's testimony regarding what she saw at the time, that is, that the child's vaginal area was red and sore. Of course, the weight of the child's statement to her mother is up to the jury.

Moreover, the victim-speaker as well as the mother-hearer, were subject to thorough and sifting cross-examination at the trial about the words of that conversation.

I, therefore, do not reach any question of the application of the "highly improbable" rule.

This case has some similarities with *Cuzzort v. State*, 173 Ga. App. 157 (325 SE2d 826) (1984).