## 73543. KEELER v. THE STATE.
(351 SE2d 731)

McMURRAY, Presiding Judge.
After a bench trial, the defendant was found guilty on two counts of aggravated child molestation upon the same victim. The trial court denied the defendant's motion for new trial and this appeal followed. *Held*:
1. In his first and third enumerations of error the defendant contends that the evidence was not sufficient to support the verdict.

More specifically, the defendant argues that inconsistencies in the victim's testimony raised a reasonable doubt as to his guilt. We do not agree. We have reviewed the testimony complained of by the defendant and, at best, we find the testimony raises a question as to the witness' credibility. Such questions are best resolved by the trier of fact. "Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's judgment. *Ridley v. State*, 236 Ga. 147 (223 SE2d 131). On appeal the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is evidence of sufficient persuasion to support the verdict, it must be affirmed. *Johnson v. State*, 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State*, 137 Ga. App. 548, 549 (224 SE2d 455). We will not speculate as to what evidence the trier of fact chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the trier of facts' verdict. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498)." *In re J. P.*, 169 Ga. App. 744, 745 (315 SE2d 259). See *Phillips v. State*, 173 Ga. App. 396 (1) (326 SE2d 775).

In the case sub judice, the victim, who was defendant's stepchild, gave explicit testimony concerning acts committed by the defendant which constitute the crimes charged in the indictment. Next, testimony from a physician who examined the victim revealed evidence consistent with the victim's testimony concerning the method in which he was molested. Finally, the State introduced evidence showing the defendant sexually molested his other stepchildren. From this and other evidence presented at trial we find that the evidence was sufficient to enable any rational trier of fact to have found the defendant guilty on both counts of aggravated child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *In re J. P.*, 169 Ga. App. 744, supra.

2. Next, the defendant enumerates error as to the admission of evidence concerning similar acts of child molestation committed by defendant against his stepdaughters. This evidence was admissible. "The sexual molestation of young children, regardless of sex or type of act, is [of] sufficient similarity to make the evidence admissible." *Phelps v. State*, 158 Ga. App. 219, 220 (2) (279 SE2d 513).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 5, 1986.

*James M. Barnes*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, As-*

*sistant District Attorney,* for appellee.