## A90A0082. THOMPSON v. THE STATE.
### (392 SE2d 732)

SOGNIER, Judge.

Leslie Keith Thompson was convicted of the offense of possession

of amphetamine in violation of the Georgia Controlled Substances Act, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He brings this appeal.

1. Appellant enumerates the general grounds. Construed to uphold the verdict, the evidence at trial showed that Captain James Wheeler and Detective Jerry Wynn of the Douglas County Sheriff's Department went to a service station known to the officers as a place where drug transactions regularly occurred. Wheeler testified that when possible he would drive by the service station on a daily basis and that he used the location to train new police officers assigned to his division because of the large number of drug transactions that occurred at the station. On the date in question, Wheeler testified he and Wynn drove into the parking lot of the service station and parked near a van where he had observed a number of people, including appellant and a co-defendant, Angela Bridges, congregating. Wheeler stated appellant was in the driver's seat of the van and was talking to someone standing by the window. Appellant and that third person then looked at Wheeler before the third person walked around the van and sat in the passenger seat. Wheeler observed appellant sit up and appear to get something out of his pocket, and then saw money in appellant's hand. Based on his extensive experience in investigating narcotics transactions, which is detailed in the transcript, Wheeler concluded that such a transaction was occurring. He approached the van as the third person left and Bridges entered the van. Wheeler identified himself to appellant, checked appellant's driver's license, and asked appellant and Bridges what they were doing there. At Wheeler's request, appellant and Bridges exited the van at which time Wheeler observed needle marks on appellant's arm. Appellant told Wheeler they were "working on the motor in his van." Wynn then observed what both officers believed to be a piece of rock cocaine on the seat of the van. Based on the discovery of that item, the officers began to search the van. They located a satchel, which had appellant's initials on it, on the floor board between the two front seats. Wheeler found two small plastic bags containing powder, later identified as amphetamine, in a cigarette box inside the satchel, as well as a metric scale and a tray for rolling cigarettes, items which Wheeler testified were typically used in drug transactions to weigh drugs and roll marijuana cigarettes. Wheeler also testified that appellant, when released on bond, came to see him (Wheeler) and requested the return of the satchel and other items inside the satchel, which appellant told Wheeler belonged to him.

Wheeler identified a shotgun he found in a hidden compartment inside the roof of appellant's van, which had been rigged with wire so that the gun would swing down when the wire was pulled. Wheeler testified the van had been impounded but was later taken without

authorization from the police parking lot, and that appellant was driving the vehicle when Cobb County police subsequently recovered it.

Also admitted into evidence was a certified copy of appellant's prior felony convictions on drug charges as well as scientific tests performed on appellant's blood and urine revealing the presence therein of amphetamine.

Contrary to appellant's arguments, we find that the evidence outlined above was sufficient to have enabled a jury to conclude beyond a reasonable doubt that appellant was a convicted felon in possession of the shotgun in the van. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence was also sufficient for the jury reasonably to have found that appellant was the owner of the satchel containing the narcotics, and that he was in joint possession of the amphetamine with Bridges while in possession of the shotgun in the van. We need not address appellant's equal access arguments since "[t]he presence of [amphetamine] in a defendant's bodily fluids is considered to be direct positive evidence of possession of [amphetamine]. [Cit.]" *Cauthen v. State*, 177 Ga. App. 565, 566 (1) (340 SE2d 199) (1986). Accordingly, there was sufficient evidence produced at trial to authorize any rational trier of fact to find appellant guilty beyond a reasonable doubt of possession of amphetamine. *Jackson v. Virginia*, supra; *Stevens v. State*, 165 Ga. App. 814, 815 (1) (302 SE2d 724) (1983).

2. We find no merit in appellant's second and third enumerations. The trial court did not err by refusing to consider appellant's motion to suppress, which the trial court found was untimely filed on the day of trial, and no written extension for a late filing had been requested prior to trial. USCR 31.1; *Van Huynh v. State*, 258 Ga. 663, 664 (2) (373 SE2d 502) (1988). "The holding of [*Mapp v. Ohio*, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081) (1961)], that all evidence obtained by searches and seizures in violation of the Fourth Amendment of the Federal Constitution is inadmissible in state courts, is only an exclusionary rule and does not affect the competence of evidence admitted without timely challenge. [Cit.] In Georgia the exclusionary rule is firmly embedded in our statutory law; [OCGA § 17-5-30] establishes a procedure for suppression of evidence obtained by unlawful search and seizure. This statute specifically provides that the motion to suppress evidence illegally seized 'shall be in writing and state facts showing [that] the search and seizure were unlawful.' The record in the case sub judice reveals that appellant's motion was made [untimely.] A motion to suppress which is procedurally defective is properly overruled. [Cit.] . . . It was therefore not error for the trial judge to overrule appellant's [untimely] motion to suppress evidence. Nor can appellant's motion be upheld as an oral objection to evidence ob-

tained by unlawful search and seizure. 'Since the Act of 1966, an oral objection to evidence obtained by unlawful search and seizure is not sufficient unless preceded by suppression of the evidence pursuant to a motion to suppress in compliance with the Act. . .[.] Failure to interpose a timely motion to suppress in compliance with the Act amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question.' [Cits.]" *Graves v. State*, 135 Ga. App. 921-922 (219 SE2d 633) (1975).

3. Contrary to appellant's assertion, the transcript reflects that appellant was present during the sentencing phase of the trial and was afforded every opportunity to present evidence in extenuation or mitigation of punishment, as required by OCGA § 17-10-2 (a). The transcript reflects appellant's co-defendant, Bridges, took advantage of the opportunity but appellant did not. The trial judge stated he denied appellant's request for a presentence investigation based on "the record and the recidivism charge," and we find no abuse of his discretion in so doing. See *Galloway v. State*, 165 Ga. App. 536 (2) (a) (301 SE2d 894) (1983).

4. Appellant raises for the first time on appeal the alleged ineffective assistance of his trial counsel. The record reveals that appellant filed the motion for new trial pro se, and that at some point a Douglas County public defender became his appellate counsel. "As in *Hightower v. State*, 189 Ga. App. 553, 556 (376 SE2d 717) (1988), 'the issue of ineffective assistance of counsel was first raised on appeal, and was not the subject of an amended motion for new trial. Therefore, *Smith (v. State*, 255 Ga. 654 (341 SE2d 5) (1986)) controls and this case must be remanded for an evidentiary hearing. (Cits.)' [Cit.]" *Jones v. State*, 194 Ga. App. 746 (2) (__ SE2d __) (1990).

*Judgment affirmed and case remanded. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1990.

Leslie Keith Thompson, *pro se.*
Alden W. Snead, for appellant.
Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney, for appellee.